UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSEPH J. GENTILE, JR.,

                    **MEMORANDUM & ORDER**

        Petitioner,

  -against-                                       12-CV-55 (ERK)

SUPERINTENDENT ROLLAND LARKIN,

        Respondent.
----------------------------------------------------------------x
**KORMAN, *J.*:**[*]

      Petitioner Joseph J. Gentile, Jr., was convicted, after a jury trial, of rape in the first degree under N.Y. Penal Law § 130.35, assault in the second degree under N.Y. Penal Law § 120.05, criminal possession of a weapon in the fourth degree under N.Y. Penal Law § 265.01, and unlawful possession of a loaded rifle or shotgun under N.Y.C. Admin. Code § 10-131(h)(1). He was sentenced to eighteen years in prison for the rape conviction, to run concurrently with six years for the assault conviction and one year for both weapons charges, plus five years of post-release supervision. Sent. Tr. 39, ECF No. 13-3 at 72. The Appellate Division affirmed his conviction on direct review, *People v. Gentile*, 73 A.D.3d 944, 944–46 (2d Dep't 2010), and the Court of Appeals denied leave to appeal, *People v. Gentile*, 935 N.E.2d 821 (N.Y. 2010).[1]

      In December 2011, Gentile filed a petition for a writ of habeas corpus, asserting four grounds for relief: (1) that the trial court violated his due process right under the Fourteenth Amendment and his right to confrontation under the Sixth Amendment by erroneously excluding a police report from evidence, Pet. 14, ECF No. 1; (2) that he was denied his Fourteenth

---

[*]   This case was recently reassigned to me following the death of Judge Sandra Townes. Her chambers prepared a first draft of this decision, which I acknowledge with thanks.

[1]   Prior to challenging his conviction on direct review, Gentile also moved to vacate his conviction under N.Y. C.P.L. § 440.10. The trial court denied the motion in its entirety. *See* Sup Ct. Order 4–9, Jan. 23, 2009, ECF No. 12-1 at 115–20.

Amendment right to due process and a fair trial because of various remarks made by the prosecution during cross examination and summation, *id.* at 18; (3) that insufficient evidence existed for the gun convictions, *id.* at 23–24; and (4) that he was deprived of a fair trial by the admission of hearsay testimony and the prosecution's "improper[] bolster[ing] of the complainant's claims," *id.* at 25–26. Since submitting his original petition, Gentile has also filed a number of motions in this proceeding, including a motion to amend his habeas petition with several new claims. ECF No. 52. For the following reasons, I deny Gentile's petition, his motion to amend, and his other pending motions.

I. **GENTILE'S HABEAS PETITION**

A. The four claims in the petition are procedurally barred.

It is well established that "[a] state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). This is "to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Id.*

Here, the Appellate Division rejected as unpreserved for appellate review all four grounds that Gentile raises in his habeas petition. *See Gentile*, 73 A.D.3d at 945–46. It based its ruling on N.Y. C.P.L. § 470.05[2], which permits an appeal only when the party has protested the lower court's error "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." This rule is firmly established and regularly followed in New York criminal practice, and constitutes an independent and adequate state ground. *See, e.g.*, *Whitley v. Ercole*, 642 F.3d 278, 286–87 (2d Cir. 2011) ("Our

case law has long made clear that [§ 470.05[2]] is just such a firmly established and regularly followed rule . . . .") (internal quotation marks and citations omitted). It does not matter that the Appellate Division found, alternatively, that the claims were meritless. *See Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)). Gentile's claims are thus procedurally barred, and he has not demonstrated any reason to excuse the procedural default, specifically, that there was cause and any actual prejudice, or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). He has not demonstrated, as discussed below, that "the constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Murden v. Artuz*, 497 F.3d 178, 194 (2d Cir. 2007) (internal quotation omitted).

B. Gentile's claims are meritless under 28 U.S.C. § 2254(d).

Even if Gentile's claims were not procedurally barred, they would still fail on the merits. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a district court can grant habeas relief to a state prisoner only when a state court adjudication of a claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Gentile's pro se status requires that I liberally construe his submissions and "interpret them to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation omitted). But as the Supreme Court has acknowledged, § 2254(d) is also a "highly deferential standard for evaluating state-court rulings, which demands that state-court

decisions be given the benefit of the doubt." *Cullen v. Pinholser*, 563 U.S. 170, 181 (2011) (internal quotation omitted).

   1. *Gentile's first ground: the exclusion of the police report from evidence.*

Gentile's first ground for habeas relief is that the trial court violated his due process right under the Fourteenth Amendment and his right to confrontation under the Sixth Amendment by erroneously excluding a police report. Pet. 14, ECF No. 1. He claims that this report would have demonstrated that the victim, when she first went to the police, gave "a different account of the alleged incident." *Id.* The Appellate Division found that even if the trial court committed evidentiary error by excluding the report, Gentile was not prejudiced because his trial counsel "had the opportunity to call the jury's attention to the inconsistency." *Gentile*, 73 A.D.3d at 945.

When reviewing a state court evidentiary ruling on habeas, a federal court can inquire only whether the ruling violated the petitioner's federal constitutional rights. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "In order to prevail on a claim that an evidentiary error deprived the defendant of due process under the Fourteenth Amendment he must show that the error was so pervasive as to have denied him a fundamentally fair trial, . . . a concept . . . described as 'elusive[.]'" *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985) (internal citations omitted). The inquiry is "whether the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Id.* at 19; *see also Johnson v. Ross*, 955 F.2d 178, 181 (2d Cir. 1992).

The police report was not such evidence. The very issue Gentile wanted to prove by admitting it—that the victim initially did not report the crimes to the police—was well established before the jury. At trial, the victim acknowledged as much, Trial Tr. 352–53, ECF No. 13-1; indeed, multiple officers corroborated her testimony on this issue, *id.* at 423; *id.* at 649,

ECF No. 13-2. Therefore, even assuming the trial court committed evidentiary error in excluding the police report, Gentile suffered no prejudice and was not "denied . . . a fundamentally fair trial." *Collins*, 755 F.2d at 18. He is not entitled to habeas relief on this ground.

2. *Gentile's second ground: prosecutorial misconduct.*

Gentile's second ground for habeas relief is that he was denied his Fourteenth Amendment right to due process and a fair trial because the prosecutor engaged in misconduct by "impugning defense counsel's integrity, mischaracterizing the evidence, expressing his opinion that petitioner's testimony was false, arguing that petitioner had tailored his testimony, vouching for the credibility of his own witness and thus, becoming an unsworn witness, and attacking petitioner's lifestyle and compelling him to characterize the people's witnesses as 'liars.'" Pet. 18. The Appellate Division held that "the challenged remarks were either fair comment on the evidence, permissible responses to the defense counsel's summation, or not so prejudicial as to constitute reversible error." *Gentile*, 73 A.D.3d at 945.

On federal habeas review, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted). Rather, "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (internal quotation marks and citation omitted). Here, the answer is no.

Gentile takes issue with the prosecutor's telling the jury during summation that they should disregard defense counsel's attempt to distract them from the evidence; implying that defense counsel characterized the victim as a "stripper," "vindictive bitch," and "faithless slut" who cried "crocodile tears" in court; portraying Gentile's testimony as false, "self-serving," and "tailored," in contrast to that of the prosecution's witnesses; and attacking Petitioner's lifestyle

since he "permitt[ed] a young man to use drugs in his house." Pet. 18–22. But these comments, even if undesirable or prejudicial, did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181. As an initial matter, I agree with the Appellate Division that these comments were permissible responses to Gentile's trial testimony or to defense counsel's summations. Moreover, the trial court had instructed the jury that summation is not evidence and that the jury could rely only on evidence in determining the verdict. Trial Tr. 802, ECF No. 13-2. That the jury asked the trial court several questions during its deliberations, that it did not convict Gentile on the kidnapping charge, and that it deadlocked on the unlawful imprisonment charge indicates that they listened to the trial court's instructions. *See, e.g.*, *id.* at 806–08, 815. Indeed, given the significant evidence at trial against Gentile, it is highly unlikely that the jury's decision was influenced by the prosecutor's comments. Gentile's second ground therefore fails.

   3. *Gentile's third ground: insufficient evidence for the gun convictions.*

Gentile's third ground for habeas relief is that there was insufficient evidence to convict him of criminal possession of a weapon in the fourth degree and unlawful possession of a loaded rifle or shotgun. Pet. 23–24. With respect to the former, he argues there was no evidence that the shotgun found at his home on August 1st was also loaded on July 29th—the date of the incident. *Id.* And with respect to the latter, he argues that the state never proved that he "did not have a valid license or permit to possess the shotgun." *Id.* at 23.

As a general matter, evidence sufficiently supports a conviction when "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The court "must credit every inference that could have been drawn in the government's favor, . . . and the government need not have precluded every reasonable

hypothesis . . . consistent with innocence." *United States v. Strauss*, 999 F.2d 692, 696 (2d Cir. 1993) (internal quotation marks and citations omitted). And on federal habeas, the standard is "twice-deferential," as "a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was objectively unreasonable." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (internal quotation marks and citation omitted).

Without elaborating on its ruling, the Appellate Division held as to both gun charges that, "viewing the evidence in the light most favorable to the prosecution," the evidence "was legally sufficient to establish the defendant's guilt." *Gentile*, 73 A.D.3d at 946. It further held "that the verdict of guilt on these counts was not against the weight of the evidence." *Id.*

With respect to criminal possession of a weapon in the fourth degree, that conclusion was reasonable. One is guilty of that crime when one possesses a "dangerous or deadly instrument or weapon with the intent to use the same unlawfully against another." N.Y. Penal Law § 265.01(2). A "dangerous instrument" is "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." N.Y. Penal Law § 10.00(13). Viewing the evidence in the light most favorable to the prosecution and resolving all questions of credibility in the prosecution's favor, a reasonable factfinder would have fairly concluded that Gentile was guilty of this crime beyond a reasonable doubt. On July 29, 2005, Gentile's friend, Peter Dipiano, accompanied him to the victim's home armed with a shotgun. Trial Tr. 332, 605–06. After they returned to Gentile's home with the victim, Dipiano put the shotgun in a closet. *Id.* at 607. Three days later, the police found the shotgun in that same spot, loaded and operable. *Id.* at 462–64, 522–24. The jury could reasonably have inferred that the shotgun was also loaded and operable just three days earlier, the day of the incident.

The Appellate Division's conclusion should also not be disturbed with respect to unlawful possession of a loaded rifle or shotgun. To be sure, Gentile is correct that the trial court instructed the jury that it needed to find that Gentile "did not have a valid license or permit to possess the shotgun." Pet 23. And Gentile is also correct that the state never actually presented any evidence that Gentile did not have such a license or permit. But not having a valid license or permit is *not* an element of the misdemeanor at issue. N.Y.C. Admin. Code § 10-131(h)(1)—under which Gentile was convicted—provides that "[i]t shall be unlawful for any person to carry or possess a loaded rifle or shotgun in public within the city limits." This provision does not require the state to prove that the person also does not have a valid license or permit to possess the shotgun, nor can I find any caselaw to that effect. And the Supreme Court has explained that "[t]he Government's failure to introduce evidence of an additional element does not implicate the principles that sufficiency review protects." *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016). It does not matter that the jury instruction included an element beyond that required by the law itself. *Id.* Accordingly, the Appellate Division's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

4. *Gentile's fourth ground: admission of hearsay and bolstering evidence.*

Gentile's fourth ground for habeas relief is that he was deprived of a fair trial by the admission of hearsay testimony under the prompt outcry exception, and by the prosecution's "improper[] bolster[ing] of the complainant's claims" by "elicit[ing] evidence that the police promptly arrested Petitioner following the complainant's statements to the police." Pet. at 25. This claim has no merit.

As the Appellate Division concluded, the trial court correctly applied the "prompt outcry" exception. *See Gentile,* 73 A.D.3d at 945; *see also People v. Felix*, 32 A.D.3d 1177, 1178 (4th

Dep't 2006). And even if it didn't, Gentile would need to "show that the error was so pervasive as to have denied him a fundamentally fair trial." *Collins*, 755 F.2d at 18. That simply was not the case here. The trial court offered a limiting instruction to the jury that the hearsay evidence was introduced not for its truthfulness but "just on the issue of outcry." Trial Tr. 617; *see also id.* at 781–82. Even more significantly, overwhelming evidence, independent of the hearsay, existed to corroborate the victim's story, including testimony of various officers and forensic evidence. *See, e.g.*, *Kotler v. Woods*, 620 F. Supp. 2d 366, 392–93 (E.D.N.Y. 2009).

As for the bolstering claim, such claims are not cognizable on federal habeas review. *See Campbell v. Poole*, 555 F. Supp. 2d 345, 371 (W.D.N.Y. 2008). "Courts in this circuit have found that although bolstering is a practice prohibited in various states, including New York, the practice is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process right to a fair trial." *Id.* (internal quotation marks and citations omitted); *see also Bryson v. Sheahan*, No. CV–11–0749 (SJF), 2013 WL 5502835, at *24 (E.D.N.Y. Oct. 1, 2013).

In sum, the four grounds in Gentile's petition do not entitle him to habeas relief.

## II. THE MOTION TO AMEND

On November 17, 2016, Gentile moved to amend his habeas petition to include "five issues" that were reviewed by the Queens County Supreme Court on August 10th, 2015, and denied by the Second Department on June 24th, 2016, and by the Court of Appeals on October 11th, 2016. Mot. to Amend 1, ECF No. 52. On those dates, the state courts actually rejected only two claims: (1) that the prosecutor's failure to disclose a plea deal with Gentile's co-defendant, Peter Dipiano, in exchange for his trial testimony violated *Brady*/*Giglio* and (2) that new evidence demonstrated that Phil Caruso, Gentile's former employee, had colluded with the victim to frame Gentile. *See* Sup. Ct. Order 5–6, Aug. 10, 2015, ECF No. 62-3 at 4–5; *People v.*

Dep't 2006). And even if it didn't, Gentile would need to "show that the error was so pervasive as to have denied him a fundamentally fair trial." *Collins*, 755 F.2d at 18. That simply was not the case here. The trial court offered a limiting instruction to the jury that the hearsay evidence was introduced not for its truthfulness but "just on the issue of outcry." Trial Tr. 617; *see also id.* at 781–82. Even more significantly, overwhelming evidence, independent of the hearsay, existed to corroborate the victim's story, including testimony of various officers and forensic evidence. *See, e.g.*, *Kotler v. Woods*, 620 F. Supp. 2d 366, 392–93 (E.D.N.Y. 2009).

As for the bolstering claim, such claims are not cognizable on federal habeas review. *See Campbell v. Poole*, 555 F. Supp. 2d 345, 371 (W.D.N.Y. 2008). "Courts in this circuit have found that although bolstering is a practice prohibited in various states, including New York, the practice is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process right to a fair trial." *Id.* (internal quotation marks and citations omitted); *see also Bryson v. Sheahan*, No. CV–11–0749 (SJF), 2013 WL 5502835, at *24 (E.D.N.Y. Oct. 1, 2013).

In sum, the four grounds in Gentile's petition do not entitle him to habeas relief.

## II. THE MOTION TO AMEND

On November 17, 2016, Gentile moved to amend his habeas petition to include "five issues" that were reviewed by the Queens County Supreme Court on August 10th, 2015, and denied by the Second Department on June 24th, 2016, and by the Court of Appeals on October 11th, 2016. Mot. to Amend 1, ECF No. 52. On those dates, the state courts actually rejected only two claims: (1) that the prosecutor's failure to disclose a plea deal with Gentile's co-defendant, Peter Dipiano, in exchange for his trial testimony violated *Brady*/*Giglio* and (2) that new evidence demonstrated that Phil Caruso, Gentile's former employee, had colluded with the victim to frame Gentile. *See* Sup. Ct. Order 5–6, Aug. 10, 2015, ECF No. 62-3 at 4–5; *People v.*

*Gentile*, 2016 NY Slip Op. 77877(U) (2d Dep't June 24, 2016), ECF No. 62-3 at 103; *People v. Gentile*, 68 N.E.3d 108 (N.Y. 2016). Gentile's motion to amend, however, goes on to assert three other claims as well: that prosecutors introduced into evidence manufactured photos of burn marks on the victim, Mot. to Amend at 2–3; that law enforcement had no probable cause to search his home because the victim lived in the Bronx and not with Gentile in Queens, *id.* at 4; and that since the victim did not live with Gentile, she could not grant consent to law enforcement to search his home, *id.* at 4, 7–8. Although Gentile has now exhausted all of these claims in state court, *see* Sup. Ct. Order (Dec. 1, 2016), ECF No. 62-4 at 29–36; 2d Dep't Decision & Order (Aug. 18, 2017), ECF No. 72; Court of Appeals Order (Nov. 8, 2017), ECF No. 74, they are all barred by AEDPA's statute of limitations. Moreover, they all fail on the merits. I therefore deny Gentile's motion to amend.

   A.  <u>Gentile's additional claims are time barred.</u>

28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for federal habeas petitions that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." For the purposes of this provision, "the judgment becomes final" with "the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or—if the prisoner elects not to file a petition for certiorari—the time to seek direct review via certiorari has expired." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Gentile exhausted the direct appeal process in New York on September 28, 2010, when the Court of Appeals denied him leave to appeal the Appellate Division's ruling affirming his judgment of conviction. *See Gentile*, 935 N.E.2d at 851. Since Gentile did not seek a writ of certiorari, his judgment of conviction became final, for the purpose of § 2244(d)(1)(A), on December 28, 2010. *See* Sup. Ct. R. 13.1 (providing ninety days to petition for a writ of certiorari).

Therefore, Gentile had until December 28, 2011, to file his federal habeas claims. Although he timely filed his initial application, he waited until November 17, 2016, to submit the claims referenced in his motion to amend. Consequently, Gentile cannot seek habeas review of those claims unless a later limitations period applies or there is cause for tolling. Neither is true here.

1. *No later limitations period applies.*

Although the period of limitations for federal habeas claims generally starts from the date the petitioner's judgment became final, *see* § 2244(d)(1)(A), AEDPA does provide for three other, possibly later, starting dates, *see* § 2244(d)(1)(B)–(D). Most relevant here, § 2244(d)(1)(D) allows the limitations period to begin running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The phrase "factual predicate" means those "vital facts . . . without which the claim would necessarily be dismissed" as failing to state a claim. *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (internal quotation marks omitted). Put differently, "if new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations." *Id.* "Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Id.*

Since 2008, Gentile has been aware of enough facts to bring all the claims he seeks to add to his habeas petition. That year, Gentile first raised his *Brady/Giglio* claim concerning the alleged Dipiano plea deal in a § 440.10 motion brought in state court. *See* Memo (Mar. 25, 2008), ECF No. 12 at 27. In fact, he supplemented that motion with a copy of the same newspaper article that he now submits as the only evidence in support of his claim that the prosecutor hid Dipiano's plea deal. *See* First § 440.10 Mot. at Ex. F, ECF No. 12 at 52; Third §

440.10 Mot., ECF No. 62-2 at 80. As to the claim that he was framed by the victim and Caruso, Gentile relies on a December 20, 2014 newspaper article that calls Caruso a "'reputed Gambino associate' [who] was arrested on numerous drugs and weapons charges in 2014." Third § 440.10 Mot. at 8 and Ex. A, ECF No. 62-2 at 77, 81. But this article was not the first time that Gentile learned that Caruso reputedly had organized-crime ties. In 2008, Gentile claimed in his first § 440.10 Motion that he did not report Caruso to law enforcement for embezzling money because of Caruso's "close ties with Organized Crime." Notice of § 440.10(g) Motion at Arg. E, ECF No. 12 at 67. Thus, the 2014 article "merely supports or strengthens" a claim that could have been brought in 2008. *Rivas*, 687 F.3d at 535.

Gentile also cannot point to any newly discovered "factual predicate" to support the other claims he seeks to add. To the extent it finds any support in the factual record, his claim that the prosecution manufactured evidence is based solely on an exchange that occurred at Dipiano's plea hearing in April 2006. Mot. to Amend 2, Ex. B. Gentile has not alleged, nor can I think of, any reason why the transcript of that hearing would have been unavailable at that time. Nor has he offered any new facts in support of his unlawful search claims.

Accordingly, § 2244(d)(1)(D) does not provide Gentile with a later limitations period. His claims became time barred as of December 28, 2011.

2. *There is no cause for tolling*.

28 U.S.C § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." But collateral attacks on a state conviction filed *after* the limitations period has already ended will not reset the limitations clock. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). On the record before me, none of Gentile's various state motions attacking his conviction was pending between

December 28, 2010, and December 28, 2011—the applicable limitations period under § 2244(d). Statutory tolling thus does not apply.

Nor does Gentile have cause for equitable tolling. Such tolling is permissible only when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Id.* at 137. Based on the record in this case and drawing all inferences in his favor, Gentile has no cause for equitable tolling because he has not demonstrated any severe obstacles that prevented him from timely filing his additional claims.

Moreover, Gentile's bare assertions of actual innocence do not help him. It is true that "a petitioner may use his claim of actual innocence as a 'gateway,' or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction." *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004). And this "actual-innocence gateway extends to claims otherwise barred by § 2244(d)(1)." *Rivas*, 687 F.3d at 548. Nevertheless, in order to overcome § 2244(d)(1), an actual innocence claim "must be both 'credible' and 'compelling.'" *Id.* at 541. This standard may be "somewhat cryptic," *id.*, but the Supreme Court has stressed that it is "demanding," *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013), and that it requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," *id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Such evidence is simply nonexistent here. Indeed, the only purported evidence that Gentile provides is a

December 2014 newspaper article identifying Phil Caruso as a "reputed Gambino associate" who was indicted for numerous drugs and weapons charges. Third § 440.10 Mot. 8, ECF No. 62-2 at 77. Gentile does not argue, nor is it at all apparent, how Caruso's 2014 indictment, about eight years after Gentile's trial, demonstrates Gentile's innocence, especially in the face of overwhelming trial evidence of Gentile's guilt.

   3. *The "relation back" doctrine does not apply.*

Finally, the "relation back" doctrine does not save Gentile's additional claims. "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting what is now Fed. R. Civ. P. 15(c)(1)(B)). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664. But the fact that the proposed claims "relate to the same trial, conviction, or sentence" is insufficient; "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662.

Gentile's additional claims do not relate back to his original petition. Recall that that petition contained four claims: (1) that the exclusion of a police report from evidence violated due process and the Sixth Amendment right to confrontation; (2) that the prosecution's statements on cross examination and during summation amounted to prosecutorial misconduct; (3) that insufficient evidence supported the gun convictions; and (4) that the admission of certain hearsay and bolstering testimony deprived Gentile of a fair trial. None of the various claims Gentile now seeks to add share a "common core of operative facts" with those four original claims. *Id.* at 664. The *Brady*/*Giglio* claim concerns what the prosecutor should have allegedly

disclosed to Gentile, not what was said at trial or admitted into evidence. The claim that Gentile was "framed" is also unrelated to the prosecution's statements during cross and summations, as well as to the particular evidentiary claims in the initial petition. And Gentile's additional claims regarding allegedly false evidence, as well as his claims regarding an allegedly illegal search, pertain to different issues or different parts of his proceedings—the suppression hearing and the prosecution's presentation of certain photographic evidence—than those in his initial claims.

In sum, the claims that Gentile seeks to add to his habeas petition are time barred and cannot be saved by any form of tolling or by the relation back doctrine.

B. Even if not time barred, Gentile's additional claims are meritless.

1. *The Brady/Giglio claim.*

The state trial court denied Gentile's *Brady*/*Giglio* claim solely for a procedural reason, explaining that, because Gentile failed to raise the claim "on either direct appeal or in his two prior motions to vacate judgment," it was barred by N.Y. C.P.L. § 440.10(3). Sup. Ct. Order 6, Aug. 10, 2015, ECF No. 62-4 at 34. I first note that the state court was incorrect—Gentle actually did raise the issue in his first motion to vacate the judgment. *See* Aff. and Memo to First § 440.10, ECF No. 12 at 17, 27. Nevertheless, this error was harmless because Gentile's claim would not succeed on the merits.

Gentile claims that the prosecution violated *Brady*/*Giglio* by failing to turn over evidence showing that prosecutors reached a plea deal with Dipiano in exchange for his trial testimony against Gentile. Third § 440.10 Mot. 6, ECF No. 62-2 at 75. But the only evidence Gentile has offered to support this claim is a newspaper article stating that Dipiano "pleaded guilty in April to criminal possession of a weapon *in exchange for a sentence of a year in jail*." Ex. A to Third § 440.10 Mot., ECF No. 62-2 at 80 (emphasis added). The article neither states nor suggests that Dipiano reached any agreement with prosecutors to testify at Gentile's trial. Moreover,

Respondent submitted an affirmation from the prosecutor involved denying any such deal. Affir. of John Carroll in Opp. to First § 440.10 Mot. ¶ 5, ECF No. 12 at 123. In short, Gentile has provided no evidence that such *Brady*/*Giglio* material exists, and "the government cannot be required to produce that which . . . it never possessed." *Morgan v. Salamack*, 735 F.2d 354, 358 (2d Cir. 1984) (quoting *United States v. Canniff*, 521 F.2d 565, 573 (2d Cir. 1975)). His claim thus lacks merit.

2. *The claim of collusion between Caruso and the victim.*

Gentile claims that his "new evidence" demonstrates that he was framed by Caruso and the victim—in other words, that he is actually innocent. The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin*, 569 U.S. at 392. Consequently, Gentile cannot point to any violation of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Moreover, Gentile has presented no evidence to suggest that he was framed and actually innocent. As the state trial court concluded, "the fact that Phil Caruso was arrested in 2014 has no bearing on the 2006 trial." Sup. Ct. Order 6, Aug. 10, 2015, ECF No. 62-3 at 5. I see no error in this conclusion. It surely was not "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2).

3. *Gentile's additional claims.*

Gentile's three additional claims in his motion to amend also fail on the merits. Two of those claims involve allegedly illegal searches in violation of the Fourth Amendment, and such claims are not cognizable on habeas review. *See Stone v. Powell*, 428 U.S. 465, 482 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his

trial."). As for Gentile's claim that the prosecution manufactured photos of the victim's injuries, the state court explained that there was "no basis" to question the jury's credibility determination on this issue. Sup. Ct. Order 8, Dec. 1, 2016, ECF No. 62-4 at 36. As Gentile has offered next to no evidence to support his claim, the state court's decision was neither an unreasonable application of clearly established Federal law nor an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

In sum, all the claims Gentile seeks to add to his habeas petition are both time barred and meritless. Accordingly, his motion to amend is denied.

### III. GENTILE'S REMAINING MOTIONS

A. <u>Gentile's motions seeking a stay are denied.</u>

Gentile has filed two motions seeking a stay and abeyance while he exhausts claims in state court. *See* ECF No. 48-1; ECF No. 77. At this point, Gentile has exhausted in state court— and I have rejected as meritless—every claim in both his original habeas petition, as well as all the claims he sought to add in his motion to amend. His motions for a stay, therefore, are denied as moot. I observe that Gentile's stay motions also refer to claims that he never raised in his initial habeas petition or in his motion to amend. Such claims cannot support a stay. *See Rodney v. Racette*, No. 14–CV–522, 2015 WL 5916753, at *3 (E.D.N.Y. Oct. 8, 2015); *Williams v. Sheahan*, No. 11–CV–2435, 2011 WL 2437496, at *1 (E.D.N.Y. June 15, 2011).

B. <u>Gentile's request for counsel is denied.</u>

Gentile also submitted a letter requesting that counsel be appointed to represent him. ECF No. 38. I deny this request. Unlike criminal defendants, habeas petitioners have no constitutional right to counsel. *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Granted, a court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

But it should not do so when the litigant's position is not "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). This "threshold requirement" is not met here because Gentile's claims have no substance. *Id.* Moreover, I observe that Gentile has made multiple filings, many of which are well researched, suggesting that he either has the ability to represent himself adequately or already has access to someone who can assist him in doing so. Gentile's request for counsel is denied.

   C. The summary judgment and default judgment are denied.

Finally, Gentile moved for summary judgment and default judgment against Respondent for failing to respond to his discovery and habeas corpus motions. ECF Nos. 36, 40. Since the Court has already denied the discovery and habeas corpus motions, Memo. and Order, Sept. 30, 2014, ECF No. 42, the summary judgment and default judgment motions are denied as well.

IV. **CONCLUSION**

For the reasons set forth above, Gentile's habeas petition is **DENIED.** Additionally, his motions to amend the petition, to stay the proceedings, to appoint counsel, and for summary and default judgment are also **DENIED.** I deny a certificate of appealability because Gentile has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).


Brooklyn, New York  
March 23, 2018

        **SO ORDERED.**

        *Edward R. Korman*
        Edward R. Korman
        United States District Judge